**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWARD GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| KNIGHT TRANSPORTATION, INC. AND | § | |
| JUAN SANCHEZ, | § | |
| Defendants, | § | |

**DEFENDANTS KNIGHT TRANSPORTATION, INC. AND JUAN SANCHEZ'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT AND DECLARATION OF ROBERT W. HELLNER IN SUPPORT THEREOF**

Defendants Knight Transportation, Inc. and Juan Sanchez (collectively hereinafter "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 as follows[1]:

## I.      STATEMENT OF GROUND FOR REMOVAL

1.      On June 7, 2021, Plaintiff Edward Garcia ("Plaintiff") commenced an action in the 234th Judicial District Court of Harris County, Texas by filing Plaintiff's Original Petition captioned "Cause No. 202134052; *Edward Garcia v. Knight Transportation, Inc. and Juan Sanchez*." ("Petition").[2] Plaintiff alleges bodily injury damages arising from a motor vehicle accident at Defendant Knight Transportation, Inc.'s Rancho Dominguez Warehouse in Compton, California on March 2, 2021.[3]

2.      The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to the provisions of 28

---

[1] By this Notice of Removal, Defendants do not waive any objections they may have as to service, personal jurisdiction or venue, or any other defenses or objections it may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.
[2] *See* attached *Declaration of Robert W. Hellner* ("*Hellner Decl.*") at ¶3.
[3] *Exhibit 2 - 1* at Page 2.

U.S.C. § 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and diversity of citizenship exists between properly joined parties.[4]

## II.    PROCEDURAL REQUIREMENT FOR REMOVAL

3.    Upon filing of this Notice of Removal of the cause, Defendants gave written notice of the filing to the Plaintiff and Plaintiff's counsel as required by law.[5] A copy of this Notice will be promptly filed with the clerk of the state court where this cause was originally filed.[6] A copy of all processes, pleadings, and orders have been filed separately with this Court pursuant to 28 U.S.C. § 1446(b).

4.    Removal is timely as Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *See Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

5.    In accordance with 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, an index of all documents filed with this Notice is attached as **Exhibit 1**; all pleadings asserting causes of action and all answers in the state court action with Cause No. 202134052 are attached as **Exhibit 2**; a copy of the docket sheet in the state court action with Cause No. 202134052 is attached to this Notice as **Exhibit 3**; and, a list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case is attached as **Exhibit 4**.

6.    Pursuant to 28 U.S.C. § 1446(d), Defendants will file a Notice of Filing of Removal with the State Court.

---

[4] *See Hellner Decl.* at ¶¶11 - 14.
[5] *See Hellner Decl.* at ¶15.
[6] *See Hellner Decl.* at ¶16.

7.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read this Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

8.     All properly joined and served Defendants consent to the removal of this action.[7]

### III.     VENUE

9.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.[8]

### IV.     PARTIES

10.     According to the Petition, Plaintiff was a citizen of Texas at the time suit was commenced.[9]

11.     Defendant Knight Transportation, Inc. is a citizen of the State of Arizona because it is a corporation duly incorporated in the State of Arizona with its principal place of business located at Phoenix, Arizona.[10] Defendant Knight Transportation, Inc. was served with the citation and petition through its registered agent for service of process, CT Corporation System, on June 10, 2021.[11]

12.     Defendant Juan Sanchez is an individual who is a citizen of Orange County, California.[12]

13.     Defendants filed their Original Answer in State Court on July 6, 2021.[13]

---

[7] *See Hellner Decl.* at ¶10.
[8] *Exhibit 2 - 1*; *see Hellner Decl.* at ¶4.
[9] *Exhibit 2 - 1* at Page 1; *see Hellner Decl.* at ¶13.
[10] *See Hellner Decl.* at ¶12; *Exhibit 5.*
[11] *Exhibit 2 - 3*; *see Hellner Decl.* at ¶¶5 and 7.
[12] *See Hellner Decl.* at ¶14.
[13] *Exhibit 2 - 4*; *see Hellner Decl.* at ¶¶8 - 9.

## V.     AMOUNT IN CONTROVERSY

14.     In his Original Petition, Plaintiff affirmatively pleads that he seeks monetary relief above $1,000,000.[14] The amount in controversy therefore exceeds the sum or value of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

## VI.     JURY DEMAND

15.     As part of his Original Petition, Plaintiff has demanded a jury in the state-court suit.[15]

16.     All fees required by law in connection with this Notice have been tendered and paid by Defendants.

WHEREFORE, KNIGHT TRANSPORTATION, INC. AND JUAN SANCHEZ, Defendants, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, remove this action from the 234th Judicial District Court of Harris County, Texas, to this Court.

Dated: July 9, 2021.

Respectfully Submitted,

WOOD, SMITH, HENNING & BERMAN, LLP

*/s/Robert W. Hellner*
Robert W. Hellner
State Bar No. 24108154
901 Main Street, Suite 3670
Dallas, TX 75202
Phone No. 469-210-2050
Fax No. 469-210-2051
rhellner@wshblaw.com
**ATTORNEY FOR DEFENDANTS**
**KNIGHT TRANSPORTATION, INC.**
**AND JUAN SANCHEZ**

---

[14] *Exhibit 2 - 1* at Page 2.
[15] *Exhibit 2 - 1* at Page 5.

## CERTIFICATE OF SERVICE

I certify that on July 9, 2021, a copy of Defendants Knight Transportation, Inc. and Juan Sanchez's Notice of Removal of Action to Federal Court and Declaration of Robert W. Hellner In Support Thereof was served on all parties and/or counsel of record by electronic service, and the electronic transmission was reported as complete. My email address is rhellner@wshblaw.com.


/s/Robert W. Hellner
Robert W. Hellner

## DECLARATION OF ROBERT W. HELLNER

I, Robert Hellner, hereby state and declare the following:

1.      I am an attorney at law duly admitted to practice before the courts of the State of Texas. I am a Partner with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Defendants, KNIGHT TRANSPORTATION, INC. and JUAN SANCHEZ. I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2.      This Declaration is made in support of Defendants, KNIGHT TRANSPORTATION, INC. and JUAN SANCHEZ's Notice of Removal to Federal Court.

3.      On June 7, 2021, Plaintiff Edward Garcia ("Plaintiff") filed his complaint against Knight Transportation, Inc. and Juan Sanchez, Case No. 202134052 in the 234th Judicial District Court of Harris County, Texas (the "State Court Action").

4.      A true and correct copy of the Summons and Complaint served upon Defendant Knight Transportation, Inc. is attached as **Exhibit 2-1** hereto. These are the only process, pleadings, and orders served upon Defendant Knight Transportation, Inc. in this action.

5.      Defendant Knight Transportation, Inc. was served with the Complaint in this case on June 10, 2021.

6.      Defendant Juan Sanchez, is an employee of Knight Transportation, and has not yet been served.

7.      Attached hereto as **Exhibit 2-3** is a true and correct copy of the proof of service for the Complaint served on Defendant Knight Transportation, Inc. on June 10, 2021.

8.      Defendants have appeared in the State Court Action.

9.      Attached hereto as **Exhibit 2-4** is a true and correct copy of the Answer filed on July 8, 2021 on behalf of Defendants in the State Court Action.

10.     Defendant Knight Transportation, Inc. has obtained the consent of its employee, Juan Sanchez, to remove this action.

11.     Pursuant to the allegations in the Complaint, Plaintiff is seeking damages in an amount above $1,000,000 in this matter.

12.     Defendant Knight Transportation, Inc. is now, and was at the time of the filing of this action, a citizen of a state other than Texas within the meaning of 28 U.S.C. § 1332(c)(1), because it is a business entity incorporated under the laws of the State of Arizona, with its principal place of business in the State of Arizona, specifically Phoenix, Arizona. Attached hereto as **Exhibit 5** is a true and correct copy of the Certification from the Arizona Corporation Commission.

13.     Pursuant to the allegations in the Complaint, Plaintiff is now, and was at the time of the filing of this action, a citizen of the State of Texas within the meaning of 28 U.S.C. §1332(a)(1).

14.     As of the date of service, and to the best of my knowledge, Juan Sanchez is now, and was at the time of the filing of this action, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a)(1), because Mr. Sanchez is a citizen of the United State and is domiciled within the State of California, County of Orange.

15.     A copy of this Notice is being served on Plaintiff's counsel.

16.     Further, a copy of this Notice will be filed with the clerk of the 234th Judicial District of Harris County, Texas.

I verify that the information provided in this Declaration is true and correct to the best of my personal knowledge under penalty of perjury in accordance with the laws of the United States, including 28 U.S.C. § 1746.

Executed this 9th day of July 2021 at Dallas, Texas.

_____
Robert W. Hellner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDWARD GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **KNIGHT TRANSPORTATION, INC. AND** | § | |
| **JUAN SANCHEZ,** | § | |
| **Defendants,** | § | |

**EXHIBIT LIST**

In accordance with Local Rule 81, Defendants KNIGHT TRANSPORTATION, INC. and

JUAN SANCHEZ submit the following exhibits in support of their Notice of Removal:

| Exhibit | Description | Date Filed in State Court |
|---|---|---|
| **Exhibit 1** | Index of Matters Being Filed | |
| **Exhibit 2** | State Court Pleadings | |
| **Exhibit 2-1** | Plaintiff's Original Petition | 06/07/2021 |
| **Exhibit 2-2** | Request for Issuance of Service | 06/07/2021 |
| **Exhibit 2-3** | Return of Service | 06/11/2021 |
| **Exhibit 2-4** | Defendants Knight Transportation, Inc. and Juan Sanchez's Original Answer | 07/08/2021 |
| **Exhibit 3** | State Court's Docket Sheet | |
| **Exhibit 4** | Identification of Counsel of Record | |
| **Exhibit 5** | Certification of Knight Transportation, Inc. from the Arizona Corporation Commission | |

## EXHIBIT 2 – STATE COURT PLEADINGS

Exhibit 2-1     Plaintiff's Original Petition

Exhibit 2-2     Request for Issuance of Service

Exhibit 2-3     Return of Service

Exhibit 2-4     Defendants Knight Transportation, Inc. and Juan Sanchez's Original Answer

6/7/2021 12:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54154860
By: Lisa Thomas
Filed: 6/7/2021 12:26 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **EDWARD GARCIA,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **KNIGHT TRANSPORTATION, INC and** | § | |
| **JUAN SANCHEZ,** | § | |
| *Defendants.* | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Edward Garcia, who files this Original Petition against Knight Transportation, Inc. ("Knight Transportation") and Juan Sanchez ("Sanchez") (collectively, "Defendants") as set out below, and would respectfully show this Court the following:

## I.    PARTIES

Plaintiff Edward Garcia is an individual residing in Texas.

Defendant Knight Transportation is a corporation doing business in Texas.  Defendant may be served with process through its registered agent: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant Juan Sanchez is the individual driving Defendant Knight Transportation's truck. Defendant may be served with process in person wherever he may be found.

## II.    DISCOVERY-CONTROL PLAN

Discovery is to be conducted under Level 2.

## III.    JURISDICTION AND VENUE

EXHIBIT 2 - 1

This Court has jurisdiction over Defendants, as Defendants reside in and/or conduct continuous and systemic business activities in this state. Venue is proper in Harris County under Texas Civil Practice & Remedies Code § 15.002 because at least one Defendant maintains a principal office or residence in this county.

The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff seeks an amount above $1,000,000 in this matter.

## IV.   FACTS

On or about March 2, 2021, Plaintiff Edward Garcia was leaving Defendant Knight Transportation's Rancho Dominguez Warehouse in Compton, California. Defendant Juan Sanchez—driving a truck and trailer owned and/or leased by Defendant Knight—was pulling into the Rancho Dominguez Warehouse. Plaintiff was in the exit lane and stopped when he saw Defendants' truck approaching to allow him to enter. Defendant Sanchez was travelling too fast when entered the warehouse and the trailer smashed into Plaintiff's truck. The incident report filled out by the officer on site stated that Defendant Sanchez admitted he hit Plaintiff.

The incident caused significant injuries to Plaintiff. Plaintiff has suffered, and continues to suffer, from these injuries, and now brings suit to recover damages.

## V.   CAUSES OF ACTION

### A. NEGLIGENCE

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendants owed a duty of reasonable care to Plaintiff. Defendants breached the duty of reasonable care in one or more of the following non-exclusive ways, among others:

1.  Failing to safely operate the vehicle;

2.  Failing to maintain control of the vehicle;

2

EXHIBIT 2 - 1

3.  Failing to control speed;

4.  Failing to observe and follow traffic laws;

5.  Failing to keep a proper lookout;

6.  Failing to ensure employees and contractors observe and follow traffic laws;

7.  Failing to create and/or enforce necessary policies and procedures;

8.  Violating various statutes and regulations, including the Texas Transportation Code and the California Transportation Code; and

9.  Failing to act as a person of ordinary prudence would have acted in the same or similar circumstances.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

**B.  NEGLIGENCE PER SE**

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendants' conduct was negligence per se because of the breach of duty imposed by statute, resulting in Plaintiff's injuries. Specifically, there was a breach of duties imposed by law, including, but not limited to, sections of the Transportation Code and/or Vehicle Code which set forth that a vehicle is not to enter a driveway or roadway, or turn a vehicle, unless movement can be made safely.

**C.  AGENCY, RESPONDEAT SUPERIOR, AND VICARIOUS LIABILITY**

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

At the time of the incident, Defendant Sanchez was employed by Defendant Knight Transportation and was acting in the course and scope of his employment. Defendant Sanchez was an agent of Defendant Knight Transportation. As such, Defendant Knight Transportation is

3

EXHIBIT 2 - 1

responsible for the conduct of Defendant Sanchez due to the relationship that existed, among other acts and omissions of negligence.

### D. NEGLIGENT HIRING, NEGLIGENT SUPERVISION, NEGLIGENT ENTRUSTMENT

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendant Knight Transportation failed to properly screen and hire Defendant Sanchez. Further, Defendant Knight negligently entrusted the vehicle, as they knew or had reason to know that Defendant Sanchez should not have been operating the vehicle.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

### E. GROSS NEGLIGENCE

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Plaintiff will further show that the acts and/or omissions of Defendants, when viewed objectively from Defendants' standpoint, involve an extreme risk considering the probability and magnitude of the potential harm to others, namely those on the work site. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

Defendants knew or should have known of the risk or risks associated, and its actions and omissions constitute gross negligence and malice. Thus, Plaintiff prays that punitive damages be awarded against Defendants. Plaintiff would show that nothing Plaintiff did, or failed to do, in any way contributed to this incident.

### VI. DAMAGES

Plaintiff seeks damages for physical pain and suffering in the past and future; mental

4

EXHIBIT 2 - 1

anguish in the past and future; physical impairment and disfigurement in the past and future; medical expenses in the past and future; loss of earning capacity in the past and future; loss of household services in the past and future; costs of suit; and pre-judgment and post-judgment interest at the appropriate rate allowed by law. Plaintiff seeks any other and further relief to which Plaintiff may show himself justly entitled.

All conditions precedent have been performed or have occurred.

## VII.   **JURY DEMAND**

Plaintiff respectfully demands a jury trial.

## VIII.   **PRAYER**

For these reasons, Plaintiff asks that Defendants be cited to appear and answer this suit. Plaintiff prays he recover judgment from Defendants for damages in such an amount that the evidence may show, and the trier of fact may determine to be proper. Plaintiff prays for any and all other relief to which he may be justly entitled.

<div style="margin-left:40%">

Respectfully submitted,

DALY & BLACK, P.C.

*/s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
Kyle Patrick Malone
State Bar No. 24102128
2211 Norfolk St., Ste. 800
Houston, Texas 77098
(713) 655-1405
(713) 655-1587 (fax)
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

-and-

</div>

5

EXHIBIT 2 - 1

TADGHIGHI LAW GROUP

*/s/ Ash Tadghighi*
Arash 'Ash' Tadghighi
State Bar No. 24090418
39 Harbor View Drive
Sugar Land, Texas 77479
(832) 930-1135
(713) 583-0095 (fax)
ash@tadghighilaw.com

**ATTORNEYS FOR PLAINTIFF**

6

EXHIBIT 2 - 1

## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** __Plaintiff's Original Petition_____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** _Knight Transportation, Inc._____

Address of Service: __1999 Bryan Street, Suite 900_____

City, State & Zip: _Dallas, Texas 75201-3136_____

Agent (if applicable) _CT Corporation System_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | Newspaper_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP (phone)** _____      ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____              **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                          *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**                   used to retrieve the E-Issuance Service Documents.
                                                          Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _Andrew Dao_____ Bar # or ID _24082895_

Mailing Address: _2211 Norfolk St, Suite 800, Houston, TX 77098_

Phone Number: _(713)655-1405_____

EXHIBIT 2 - 2

6/11/2021 9:43 AM
Marilyn Burgess District Clerk Harris County
Envelope No. 54324387
By: Keeley Hodgins
Filed: 6/11/2021 9:43 AM

**CAUSE NO. 2021-34052**

| | | |
|---|---|---|
| EDWARD GARCIA | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 234th District Court |
| | § | |
| KNIGHT TRANSPORTATION, INC, ET AL | § | HARRIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**RETURN OF SERVICE**

**ON Wednesday, June 9, 2021 AT 2:13 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on KNIGHT TRANSPORTATION (A CORPORATION) C/O CT CORPORATION SYSTEM  came to hand.

**ON Thursday, June 10, 2021 AT 2:37 PM, I, DON  ANDERSON, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** KNIGHT TRANSPORTATION (A CORPORATION) C/O CT CORPORATION SYSTEM , by delivering to Intake Specialist: Aaliyah Wamsley, 1999 BRYAN STREET SUITE 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is DON  ANDERSON. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires 8/31/2022). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Thursday, June 10, 2021.

/S/ DON  ANDERSON

Edward Garcia

Doc ID: 283283_1

EXHIBIT 2 - 3

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202134032

RECEIPT NO: 937120  TRACKING NO: 73878330
EML

| | |
|---|---|
| Plaintiff: | In The 234th |
| GARCIA, EDWARD | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| KNIGHT TRANSPORTATION INC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:**   **KNIGHT TRANSPORTATION  (A CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201 - 3136**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on June 7, 2021 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on June 8, 2021, under my hand and seal of said court.

*Marilyn Burgess*

Issued at the request of:

DAO, ANDREW
2211 NORFOLK ST.
HOUSTON, TX  77098
832-641-8484
Bar Number: 24082895



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:LISA THOMAS

EXHIBIT 2 - 3

7/8/2021 5:18 PM
Marilyn Burgess District Clerk Harris County
Envelope No. 55176898
By: SHANNON NORTH-GONZALEZ
Filed: 7/8/2021 5:18 PM

## CAUSE NO. 2021-34052

| | | |
|---|---|---|
| EDWARD GARCIA, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| and JUAN SANCHEZ, | § | |
| *Defendants.* | § | 234th JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Knight Transportation, Inc. and Juan Sanchez (hereinafter collectively "Defendants"), by and through undersigned counsel, and file this Original Answer, and in support thereof would show the Court the following:

### I.
### SPECIAL EXCEPTIONS

1.      Defendants specially except to Paragraph A, Subparagraph 8 of Plaintiff's Original Petition purporting to establish Defendants' liability for Plaintiff's injury for statutory and regulatory violations under the doctrine of negligence. The allegations in that paragraph are legally insufficient to invoke the doctrine, in that the Original Petition fails to specifically identify the statutes or regulations that apply or assert that the violation of the statutes or regulations impose a duty to exercise reasonable care. Thus, the doctrine of negligence is not applicable to the facts pleaded. Therefore, Defendants request the Court sustain Defendants' Special Exception and order Plaintiff to replead within 30 days of the Order with specificity to cure the defects raised, or strike Plaintiff's allegations in his Plaintiff's Original Petition for failure to properly plead.

2.      Defendants specially except to Paragraph B of Plaintiff's Original Petition purporting to establish Defendants' liability for Plaintiff's injury under the doctrine of negligence

per se. The allegations in that paragraph are legally insufficient to invoke the doctrine, in that the Original Petition does not show that specifically identify the statute that applies, assert that the violation of the statute was unexcused, that the statutes are of the type that imposes tort liability, or that the statute purportedly violated was designed to prevent injuries to a class of persons that the Plaintiff belongs to. Thus, the doctrine of negligence per se is not applicable to the facts pleaded. Therefore, Defendants request the Court sustain Defendants' Special Exception and order Plaintiff to replead within 30 days of the Order with specificity to cure the defects raised, or strike Plaintiff's allegations in his Plaintiff's Original Petition for failure to properly plead.

## II.
### GENERAL DENIAL

3.      Defendants deny each and every allegation of Plaintiff's Original Petition and demand strict proof thereof as required by the Texas Rules of Civil Procedure. Defendants assert a General Denial as Authorized by Rule 92 of the Texas Rules of Civil Procedure and request that Plaintiff be required to prove the chargers and allegations against said Defendants by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

## III.
### AFFIRMATIVE DEFENSES

4.      Defendants are not liable to Plaintiff in whole or in party because Plaintiff's own acts or omissions as well as the acts or omission of another party proximately caused or contributed to Plaintiff's injuries. If Defendants are found liable for damages, Defendants will seek a reduction of damages under the proportionate responsibility statute.

5.      Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the

requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, Defendant, and responsible third party that may be joined in this suit.

6.      Defendants affirmatively plead that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiff is barred from recovering punitive damages from these Defendants. In the alternative, Defendants plead that the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiff seeks. Furthermore, in response to all claims to punitive or statutory damages, Defendants affirmatively plead the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

7.      Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

8.      Plaintiff's claim is barred, in whole or in part, due to a failure to mitigate damages.

9.      Plaintiff's claims are barred, in whole or in part, due to superseding and/or independent causes.

10.     Defendants affirmatively plead that this was an unavoidable accident.

11.     Defendants affirmatively plead Defendant Juan Sanchez encountered a sudden emergency and, therefore, are not liable to Plaintiff.

12.     Defendants assert the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

13.     Defendants affirmatively plead that they are entitled to a credit or set off in the amount of any payment, recovery, or settlement that Plaintiff has obtained from any party to compensate Plaintiff for injuries about which Plaintiff complains.

14.     Defendants affirmatively plead their entitlement to an offset for any amount paid to or received by Plaintiff in this case. At trial, Defendants request that any such amount be offset from any judgment rendered by the jury.

15.     Defendants invoke the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff. *Haygood v. De Escabedo,* 54 Tex. Sup. Ct. J. 1377 (2011).

16.     Plaintiff's claim for pre-judgment interest, in so far as it includes interest on any future damages beyond the time of the verdict, is barred by the Texas Constitution, the Due Process Clause of the 14th Amendment, and also the Excessive Fines and Penalties Clause of the Eighth Amendment to the Constitution of the United States of America, as the prayer allows Plaintiff to recover interest on unaccrued damages during a period.

17.     Defendants invoke section 18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in form of a net loss after reduction for income tax payments or unpaid tax liability. Defendants further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to the federal or state income taxes.

18.     Defendants would further show that the medical treatment claimed by Plaintiff is excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by the accident made basis of this lawsuit.

19.     Further answering, if same be necessary, and without waiving any of the matters hereinabove asserted, Defendants would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.

20.     To the extent Plaintiff contends or bases his claims upon an alleged violation of a statutory duty, any recovery is limited, barred, or otherwise subject to statutory caps that apply.

21.     Defendants hereby assert that Plaintiff's allegation in his Original Petition that Harris County is the proper venue for this lawsuit is incorrect. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

22.     Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve their right to amend this answer.

## PRAYER

WHEREFORE, Defendants pray that: (1) the Court sustain Defendants' Special Exceptions and order Plaintiff to replead within 30 days of the Order with specificity to cure the defects raised, or strike Plaintiff's allegations in his Plaintiff's Original Petition for failure to properly plead; and, (2) Defendants recover all other and further relief, both general and special, at law and in equity, to which they are justly entitled.

Respectfully submitted,

WOOD, SMITH, HENNING & BERMAN LLP

*/s/ Robert W. Hellner*
Michael Q. Roos, State Bar No. 24093806
901 Main Street, Suite 3670
Dallas, Texas 75202
Telephone: (469) 210-2050
Fax: (469) 210-2051
rhellner@wshblaw.com
mroos@wshblaw.com
 **ATTORNEYS FOR DEFENDANTS
KNIGHT TRANSPORATION, INC. AND
JUAN SANCHEZ**


## CERTIFICATE OF SERVICE

I certify that on July 8, 2021, a copy of Defendants' Original Answer was served on all parties and/or counsel of record by electronic service, and the electronic transmission was reported as complete. My email address is rhellner@wshblaw.com.


*/s/Robert W. Hellner*
Robert W. Hellner



**202134052 - GARCIA, EDWARD vs. KNIGHT TRANSPORTATION INC (Court 234)**

Chronological History  Print All
*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only non-confidential civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

Purchase Order  ( 1 documents )

**You may print and save uncertified copies of documents from the preview window.**

Print List

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| | Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|---|
| | 96736921 | Filing | Defendants Original Answer | | | 07/08/2021 | 6 | Add to Basket |
| | 96298314 | Filing | Return of Service | | | 06/11/2021 | 2 | Add to Basket |
| | 96213309 | Filing | Plaintiffs Original Petition | | | 06/07/2021 | 6 | Add to Basket |
| -> | 96213310 | Filing | REQUEST FOR ISSUANCE OF SERVICE | | | 06/07/2021 | 1 | Item Added |

[Z1B]

EXHIBIT 3

## EXHIBIT 4 – IDENTIFICATION OF COUNSEL OF RECORD

**<u>Counsel for Plaintiff</u>**
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Kyle Patrick Malone
State Bar No. 24102128
kmalone@dalyblack.com
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
Ph.: 713-655-1405
Fax: 713-655-1587
Ecfs@dalyblack.com

-and-

Arash Tadghighi
State Bar No. 24090418
ash@tadghighilaw.com
TADGHIGHI LAW GROUP
39 Harbor View Drive
Sugar Land, Texas 77479
Ph.: 832-930-1135
Fax: 713-583-0095

**<u>Counsel for Defendants Knight Transportation, Inc. and Juan Sanchez</u>**
Robert W. Hellner
State Bar No. 24108154
rhellner@wshblaw.com
WOOD, SMITH, HENNING & BERMAN, LLP
901 Main Street, Suite 3670
Dallas, Texas 75202
Ph.: 469-210-2050
Fax: 469-210-2051

# State of Arizona

## OFFICE OF THE

## CORPORATION COMMISSION

To all to Whom these Presents shall Come, Greeting:

I, the Executive Secretary of the Arizona Corporation Commission, DO HEREBY CERTIFY that

### ***KNIGHT TRANSPORTATION, INC.***

a Domestic Corporation organized under the laws of the State of Arizona, did incorporate on August 31, 1989.

I FURTHER CERTIFY that this corporation has filed all affidavits and annual reports and paid all annual filing fees required to date and, therefore, is in good standing in this state.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal of the Arizona Corporation Commission. Done at Phoenix, the Capital, this 12th day of October, 19 89, A.D.



_____
Executive Secretary

By _____

EXHIBIT 5